[No. 8,666.  Department One.—August 2, 1884.]

## L. H. BRANNOCK, RESPONDENT, *v.* JULIA MONROE ET AL., APPELLANTS.

QUIT-CLAIM DEED—STATE LANDS—TRUST.—A party who makes a quit-claim deed to his wife of State lands occupied by him without claim of title, may afterwards acquire the title of the State in his own name, and hold the land as against the wife, free of any trust in her favor.

APPEAL from a judgment of the Superior Court of the county of San Joaquin.

Action to quiet title.  The facts appear in the opinion of the court.

,*W. L. Dudley*, and *D. S. Terry*, for Appellants.

*J. H. Budd*, and *Byers & Elliott*, for Respondent.

The COURT.—On the 12th of January, 1863, the plaintiff was in the occupancy with his wife, Hester A. Brannock, of the land in controversy, consisting of the northeast quarter of a certain section 36, and the southeast quarter of a certain section 25.  On that day, having no interest in the land but his possession, plaintiff executed to his wife, as a gift, a quit-claim deed to the premises.  Both continued to live there.  On the 12th of December, 1865, plaintiff entered, under the homestead laws of the United States, the southeast quarter of section 25, and in December, 1869, commuted the entry, made proof and payment, and on May 5, 1871, received a patent from the United States therefor.  On the 29th of May, 1866, plaintiff purchased from the State of California, in his own name, the northeast quarter of section 36, receiving therefor from the State a certificate of purchase.

On the 20th day of June, 1869, Hester A. Brannock died, and it is claimed on the part of her children that the plaintiff should be held to have taken the title to the two tracts of land in trust for her. This claim is based solely on the relation existing between the parties. There is no pretense that in the entry and purchase of the land the plaintiff used the separate funds of his wife, or that plaintiff acted at her request or on her behalf as a matter of fact. With respect to the homestead entry, Mrs. Brannock was not a person authorized by the laws of the United States to make the entry, and equity will not charge the grantee of the title from the government with a trust in respect to that title in favor of one who was not authorized by the law to acquire the title from the government.

Nor, under the law existing at the time, could Mrs. Brannock have made the purchase from the State of the northeast quarter of section 36. We see no ground for holding that plaintiff took the title of the property in trust for his wife.

Judgment affirmed.